[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 7, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15008
Non-Argument Calendar

_____

D. C. Docket No. 05-60020-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARVIN LYONS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 7, 2006)

Before DUBINA, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Appellant Marvin Lyons appeals his sentence imposed following a guilty

plea to one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and one count of use of a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii). On appeal, Lyons argues that the district court clearly erred in applying a two-level enhancement for an organizational/leadership role pursuant to U.S.S.G. § 3B1.1(c). Lyons claims that the facts presented in the record indicate that his conduct and that of his codefendants was unorganized and unrehearsed. Because he was acting equally to and in concert with his codefendants, and his contributions to the offense were minimal, Lyons argues that a two-level aggravating-role enhancement is improper.

Lyons also argues that the sentence imposed by the district court is unreasonable and greater than necessary to achieve the goals of punishment in 18 U.S.C. § 3553(a), claiming further that the district court engaged in improper double counting by unfairly relying on evidence that Lyons was the only person to use a firearm in the commission of the offense.

We have consistently held that the two-level enhancement for the defendant's role "as a leader or organizer under U.S.S.G. § 3B1.1 is a finding of fact reviewed only for clear error." *United States v. Phillips*, 287 F.3d 1053, 1055 (11th Cir. 2002). In determining the defendant's role, the decision falls within the sound discretion of the district court: "a trial court's choice between 'two

2

permissible views of the evidence' is the very essence of the clear error standard of review." *United States v. De Varon*, 175 F.3d 930, 945 (11th Cir. 1999) (en banc).

The Sentencing Guidelines provide for an increase in the offense level based on the defendant's role in the offense. U.S.S.G. § 3B1.1. A two-level increase is applied if the defendant "was an organizer, leader, manager, or supervisor" in an offense with more than one participant. U.S.S.G. §3B1.1(c). In determining the nature of the defendant's role in the offense, the district court should consider "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." U.S.S.G. § 3B1.1, comment. (n.4).

The undisputed facts in the record indicate that Lyons recruited his codefendants, selected the banks to be robbed, and made arrangements for a getaway car. He also supplied his codefendants with bags to carry money out of the bank and he provided one codefendant with clothes to wear during the offense. We have held that "the assertion of control or influence over only one individual is enough to support a § 3B1.1(c) enhancement." *United States v. Jiminez*, 224 F.3d

3

1243, 1251 (11th Cir. 2000). Given the evidence in the record indicating that Lyons recruited his codefendants and provided the materials used to carry out the offense, we cannot say that it was clear error for the district court to conclude that Lyons played an organizational role in the offense and exercised leadership over the participants therein. Accordingly, Lyons's argument fails.

Furthermore, Lyons's argument that his sentence is unreasonable also fails. The district court must properly consult the guidelines when determining the defendant's sentence. *United States v, Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005). While each calculation is not reviewed for reasonableness, the final sentence is reviewed for reasonableness using the sentencing factors set forth in 18 U.S.C. § 3553(a). *United States v.Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005). "These factors include the available sentences, the applicable Guideline range, the nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and provide the defendant with needed medical care." *Id*. (citing 18 U.S.C. § 3553(a)).

As the record shows, the district court correctly consulted the sentencing range and there is no misapplication. A correctly calculated range is not *per se* reasonable. *United States v. Talley*, 431 F.3d 784, 786-87 (11th Cir. 2005).

However, Lyons has the burden to show that the ultimate sentence is unreasonable. *Id*. at 788. He argues that the sentence does not meet the goals of § 3553(a), but does not make specific arguments except to argue that double-counting has occurred.

We have held that where "two enhancements embody conceptually separate notions relating to sentencing because they are designed for two different purposes," it is not double-counting to apply them cumulatively. *United States v. Ramirez*, 426 F.3d 1344, 1356 (11th Cir. 2005); *United States v. Rendon*, 354 F.3d 1320, 1334 (11th Cir. 2003). Lyons claimed that the 10-year mandatory minimum sentence he received for violation of 18 U.S.C. § 924(c)(1)(A)(iii) was satisfactory punishment for his use of a firearm during the offense and argued that it was unfair to consider his use of a firearm as a factor in determining his role in the offense. As previously discussed, the district court did not clearly err in applying a two-level role enhancement after considering the evidence in the record and the factors enumerated in U.S.S.G. § 3B1.1. This role enhancement under the advisory guidelines is separate and distinct from the statutory penalty provided for under 18 U.S.C. § 924(c)(1)(A)(iii). Thus, Lyons cannot argue this ground to assert that the sentence is unreasonable and greater than necessary to achieve the goals of punishment in § 3553(a), including the available sentences and the need for the

punishment to reflect the seriousness of the offense. Accordingly, we conclude from the record that the district court did not clearly err in applying a two-level role enhancement for Lyons's role as an organizer/leader, and moreover the final sentence is reasonable. For the above-stated reasons, we affirm Lyons's sentence.

**AFFIRMED.**